UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                )
                                      )
   EDWARD MARSHALL POTTER         )    Case No. 08-17658-SSM
   ELISABETH ANNE POTTER          )    Chapter 7
                                      )
            Debtors             )

**MEMORANDUM OPINION**

A hearing was held on March 17, 2009, on the objection of Gordon P. Peyton, the chapter 7 trustee, to the debtors' claimed exemption of a powerboat. A portion of the value was claimed exempt under the Virginia homestead exemption and a portion under the Virginia poor debtor's exemption for "a motor vehicle." The parties reached an agreement with respect to the homestead exemption but submitted to the court the legal issue of whether a powerboat constitutes a motor vehicle for the purpose of the Virginia exemption statute. For the reasons stated, the court concludes that it does not.

Background

Edward Marshal Potter and Elisabeth Anne Potter are husband and wife. They filed a joint voluntary petition with this court on December 8, 2008, for relief under chapter 7 of the Bankruptcy Code, listing $232,432 in general unsecured debt. Gordon P. Peyton was appointed and has qualified as trustee. On their schedules, the debtors claimed exempt, among other property, a 1990 40-foot SeaRay powerboat valued at $12,000. The exemption was claimed—in an amount equal to the full value of the property—under both the Virginia poor debtor's

exemption, Va. Code Ann. § 34-26(8), and the Virginia homestead exemption, Va. Code Ann. § 34-4.

The trustee filed a timely objection to the exemption of the powerboat. Specifically, he objected to a homestead exemption for the full value of the boat because the recorded homestead deed claimed the boat exempt only in the amount of $1.00. Further, the trustee objected to the claimed poor debtor's exemption on the ground that the cited subsection applies only to motor vehicles, not powerboats. At the hearing, the parties advised the court that they reached an agreement that the homestead exemption would be limited to $1.00, subject to the debtors' right to amend upward,[1] but they submitted to the court the legal issue as to whether a powerboat constitutes a motor vehicle for purposes of the Virginia exemption statute.

Discussion

Upon the filing of a bankruptcy petition, all legal and equitable interests of a debtor in property become property of the estate and are therefore potentially available to pay the claims

---

[1] The Virginia homestead exemption—which may be claimed in either real or personal property—is limited to $5,000, with a husband and wife each being able to claim that amount. Va. Code Ann. §§ 34-4 and 34-13; *Cheeseman v. Nachman (In re Cheeseman)*, 656 F.2d 60 (4th Cir. 1981). Additional amounts may be claimed exempt if the debtor has dependents or is a disabled veteran. Va. Code Ann. §§ 34-4 (additional $500 for each dependent) and 34-4.1 (additional $2,000 for disabled veteran). In order to perfect the exemption, a homestead deed identifying the property set apart as exempt must be recorded, in the case of real estate, in the city or county where the property lies, or, in the case of personal property, in the city or county where the debtor resides. Va. Code Ann. §§ 34-6 and 34-14. As this court has previously noted, "case law has long permitted a debtor who has filed a timely homestead deed to amend the value of an item of property already listed." *In re Sherman*, 191 B.R. 654, 657 (Bankr. E.D. Va. 1995) (citing *In re Waltrip*, 260 F.Supp. 448 (E.D. Va. 1966)). In particular, this and other courts have recognized "a long-standing Virginia practice of claiming only a nominal (typically $1.00 or $10.00) value for assets claimed exempt and of amending the exemption upwards 'if and when the bankruptcy court determines that a higher value is more appropriate.'" *Sherman*, 191 B.R. at 657 (*citing Addison v. Reavis*, 158 B.R. 53, 58 (E.D. Va. 1993)).

of creditors. § 541(a), Bankruptcy Code. As part of his or her "fresh start," however, an individual debtor may exempt certain assets from the estate and thus retain them, free from the claims of the trustee and most creditors. § 522(b)(1) and (c), Bankruptcy Code. This includes property that is exempt under the relevant state law. § 522(b)(3), Bankruptcy Code. In this connection, residents of Virginia may hold exempt from creditor process, among other property,

> 8. A motor vehicle, not held as exempt [as a tool of the trade] under subdivision 7, owned by the householder, not to exceed $2,000 in value, except that a perfected security interest on the motor vehicle shall have priority over the claim of exemption under this subdivision.

Va. Code Ann. § 34-26(8). The question is thus squarely raised whether a powerboat, which does after all have a motor, qualifies as a motor *vehicle*.

In construing the language of an exemption statute, "the court must liberally interpret the Virginia exemption statutes in favor of the debtor, with any doubts to be resolved in favor of allowing the exemption." *In re Hasse*, 246 B.R. 247, 251-52 (Bankr. E.D. Va. 2000) (citing *Tignor v. Parkinson (In re Tignor)*, 729 F.2d 997, 981 (4th Cir. 1984)); *see also, In re Hayes*, 119 B.R. 86, 88 (Bankr. E.D. Va. 1990). Nonetheless, "the court must apply the plain meaning of the statute, and in particular, may not enlarge a statutory exemption and read into it an exemption the legislature did not intend to create." *Id. See also*, *In re Sheeran*, 369 B.R. 910, 917 (Bankr. E.D. Va. 2007); *In re Hanes*, 162 B.R. 733, 737-38 (Bankr. E.D. Va. 1994).

Although the term "motor vehicle" is not defined in the poor debtor's exemption statute or elsewhere in the exemption context, it is defined for other purpose in the Code of Virginia. In particular, for purposes of service of process in motor vehicle accident cases, the term is defined as

> every vehicle which is self-propelled or designed for self-propulsion and every vehicle drawn by or designed to be drawn by a motor vehicle and includes every device in, upon, or by which an person or property is or can be transported or drawn *upon a highway*, except devices moved by human or animal power and devices used exclusively upon stationary rails or tracks.

Va. Code Ann. § 8.01-307 (emphasis added). Additionally, in the context of motor vehicle regulation, the term is defined as "every vehicle as defined in this section that is self-propelled or designed for self-propulsion excepted as otherwise provided in this title." Va. Code Ann. § 46.2-100. A "vehicle" in turn is defined as "every device in, on or by which any person or property is or may be transported or drawn *on a highway*, except devices moved by human power or used exclusively on stationary rails or tracks." *Id.* (emphasis added). For its part, a "highway" is defined as "the entire width between boundary lines of every way or place open to the use of the public for purposes of vehicular travel in the Commonwealth, including the streets and alleys." *Id.* On the other hand, boats are separately treated under Title 29.1 of the Code of Virginia, and a motorboat is defined as "any vessel propelled by machinery whether or not the machinery is the principal source of propulsion." Va. Code Ann. § 29.1-700. A "vessel" is "every description of watercraft...used or capable of being used as a means of transportation on water." *Id.*

Because the statutory definitions of motor vehicle and vehicle, and motorboat and vessel, are arguably somewhat circular, and because the court indulges the presumption that the General Assembly intends the everyday meaning of words that are not specifically defined in a statute, the court has also considered the dictionary definitions of motor vehicle and powerboat. Webster's Dictionary defines motor vehicle as "[a]n automotive vehicle not operated on rails; *esp*. one with rubber tires for use on highways." Webster's Third New International Dictionary 1475 (1993). Powerboat is defined as "a motorboat esp. of substantial engine power," *Id.* at

1779, and a motorboat is "a boat or small ship propelled by an internal-combustion engine or an electric motor." *Id.* at 1475.

Having considered both the dictionary definition as well as the way the term is used elsewhere in the Code of Virginia, the court is persuaded that the General Assembly did not intend the term "motor vehicle" as used in the exemption statute to include a powerboat. A powerboat is not a motor vehicle under the statutory definition because it is not a vehicle that operates on a highway. Nor is it a motor vehicle based on the dictionary definitions, as it is not a vehicle with rubber tires for use on a highway. Rather, a powerboat is an entirely different creature, namely a vessel that is used for transportation on water. Thus, the court concludes that the debtors are not entitled to a $2,000 exemption in the 1990 SeaRay powerboat under Va. Code Ann. § 34-26(8).[2]

A separate order will be entered disallowing the claimed poor debtor's exemption in the powerboat and allowing a homestead exemption in the amount of $1.00, subject to the debtors' right to file an amended homestead deed increasing their exemption in the boat to the full unused amount of their homestead exemption.

Date: _____          _____
                                              Stephen S. Mitchell
Alexandria, Virginia                          United States Bankruptcy Judge

---

[2] At least two other courts have determined that a motorboat is not a motor vehicle for purposes of their state exemption statutes. *In re Barbera*, 285 B.R. 355 (Bankr. D. R.I. 2002); *In re Worthington*, 2003 WL 22947526 (Bankr. W.D. Mo. 2003).

Copies to:

Elizabeth Lynch, Esquire
Redmon, Peyton & Braswell
510 King Street, Suite 301
Alexandria, VA  22314
Counsel for Gordon P. Peyton, Trustee

Steven B. Ramsdell, Esquire
Tyler, Bartl, Ramsdell & Counts, P.L.C.
700 S. Washington St., Suite 216
Alexandria, VA  22314
Counsel for the debtors

Edward Marshall Potter, Sr.
Elisabeth Anne Potter
4120 Doveville Lane
Fairfax, VA 22032-1446
Debtors